# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| KATHY V. GONZALEZ | § § | |
| v. | § § | SA-10-CV-120-XR |
| WAL-MART STORES | § § | |

## ORDER

On this day came on to be considered Defendant Al Slavin's motion to dismiss (docket no. 2) and Plaintiff's motion to remand (docket no. 7).

## Background

Plaintiff originally filed this case in the 37th Judicial District of Bexar County, Texas. Plaintiff alleges that on July 10, 2008, she slipped and fell at a Wal-Mart located at 1515 North Loop 1604 East, San Antonio, Texas. She alleges that as a result she has suffered injuries to her left knee, left shoulder, and neck, and has required cervical spine surgery. She alleges that Wal-Mart and its store manager, Al Slavin, were negligent in various respects.

Defendants timely filed a notice of removal to this court, alleging diversity of citizenship. Defendant Slavin has filed a motion to dismiss, arguing that he was fraudulently or improperly joined and that he cannot be held independently liable for Plaintiff's injuries. Plaintiff has responded by filing a motion to remand.

**Analysis**

Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). In this case, there is no claim that the plaintiff fraudulently pleaded jurisdictional facts; accordingly, only the second type of improper joinder is at issue.

To determine whether the non-diverse defendant, Al Slavin, was improperly joined, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [Slavin], which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [him]." *Smallwood*, 385 F.3d at 573. "Put another way, 'there must be a reasonable possibility of recovery, not merely a theoretical one.'" *Menendez v. Wal-Mart Stores, Inc.*, 2010 WL 445470 at *5 (5th Cir. 2010). "The burden of persuasion on a party asserting improper joinder is a 'heavy one.'" *Id.*

"In analyzing whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant,' or 'the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.' *Smallwood*, 385 F.3d at 573. In doing so, however,

the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.' *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Any ambiguities in state law or contested fact issues must be resolved in favor of the plaintiff.' '[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case.'" *Menendez* , 2010 WL 445470 at *5.

In Plaintiff's Original Petition, Plaintiff alleges that Slavin and Wal-Mart were negligent in failing to warn Plaintiff of a dangerous substance on the floor, failing to maintain the premises in a safe condition, permitting a substance to remain on the floor, failing to inspect the premises to discover the dangerous condition, failing to remove the substance from the floor, failing to place warning signs, creating a hazardous condition, failing to properly train employees regarding the proper manner for preventing the accumulation of water on the floor, failing to implement proper policies regarding the prevention of the accumulation of water on the floor, and failing to enforce proper policies.

Plaintiff alleges in her Petition that Slavin was a store manager and employee of Wal-Mart and was acting within the course and scope of his employment and that accordingly Slavin's negligence should be imputed to Wal-Mart.

Defendants argue, based primarily on *Leitch v. Hornsby*, 935 S.W.2d 114, (Tex. 1996), that there is no reasonable possibility of holding Slavin liable for plaintiff's injuries. In *Leitch*, the Texas Supreme Court explained the

3

circumstances in which individual liability will be imposed on a corporate officer or agent acting in the scope of employment: "[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id*. at 117.

This Court concludes that as a Wal-Mart employee, Slavin did not owe a customer, such as Plaintiff Gonzalez, a duty of reasonable care independent from the duty Wal-Mart owed. Plaintiff's state court petition refutes any argument that Slavin owed Gonzalez an independent duty of care because the actions Slavin allegedly took were in the course and scope of his employment. *See Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206 (S.D. Tex. 2008); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp.2d 828 (E.D. Tex. 2008); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *2 (N.D.Tex. Oct.13, 2006) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Allen v. Home Depot U.S.A., Inc.*, No. SA-04-0CA703XR, 2004 WL 2270001, at *3 (W.D. Tex. Oct.6, 2004) (noting that despite the plaintiff's assertion that she alleged an independent cause of action against the store manager, the plaintiff also alleged that the store manager was acting in the course and scope of his employment, and thus there was no possibility of recovery).

Plaintiffs argue that the Fifth Circuit has explicitly found that there is a reasonable possibility of recovery against store managers in premise liability cases under Texas law. In *Valdes v. Wal-Mart Stores, Inc.*, the plaintiff sued

4

Wal-Mart and a Wal-Mart store manager in Texas state court after she was kidnaped in a Wal-Mart parking lot and raped. The plaintiff brought a premises liability action against the two defendants, alleging that Wal-Mart and its manager failed to provide adequate security in the parking lot and thus negligently caused her injuries. Defendants removed the case to federal court, alleging diversity jurisdiction, and argued that the store manager's citizenship should be ignored because he had been improperly joined. The district court agreed, denied plaintiff's motion to remand the case, and dismissed the Wal-Mart store manager. On appeal, the Fifth Circuit reversed the district court's denial of plaintiff's motion to remand, finding that an "allegation that [the defendant], by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." *Valdes v. Wal-Mart Stores, Inc.*, 158 F.3d 584, *5 (5th Cir. 1998).

Since *Valdes*, however, the Texas Supreme Court in *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005), has stated in a premises liability case that individual employees are not liable for negligence when they do not "breach any separate duty" to a plaintiff. *Id.* at 562-63; *see also Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp.2d 476, 481 (S.D. Tex. 2008).

Plaintiff, citing *Leyendecker & Associates, Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1984), argues that a corporation's employee is personally liable for tortious

5

acts which he directs or participates in during his employment. That is very true in cases where an employee slanders a plaintiff, such as was the case in *Wechter*. However, in this case, Plaintiff does not plead that Slavin personally directed or participated in any of the alleged negligent acts of which she complains.

## Conclusion

Defendant Al Slavin's motion to dismiss (docket no. 2) is GRANTED. Plaintiff's motion to remand (docket no. 7) is DENIED.

It is so ORDERED.

SIGNED this 31st day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE